liPETERS, Judge.
In this succession proceeding, three children of the deceased appeal an order by the trial court which authorized the executrix to sell immovable property at a private sale and to reimburse herself from the proceeds of the sale for her alleged improvements to the immovable property. For the following reasons, we reverse the trial court’s order.
DISCUSSION OF THE RECORD
William Emanuel Hagar died testate on June 20, 1996. In his last will and testament, he appointed his wife, Emma Rebecca Johns Hagar, as executrix; directed that his debts be paid; and gave his wife the usufruct of all of his “undivided community property interests.” On August 5, 1996, Mrs. Hagar filed a petition to probate the deceased’s statutory testament and to be confirmed as testamentary executrix. On the same day, the testament was admitted to probate and Mrs. Hagar was confirmed as executrix. Letters testamentary were issued the next day.
On April 16, 1997, Mrs. Hagar filed a Petition for Authority to Sell Immovable |2Property at Private Sale. In the petition, she asserted that the succession was the owner of a one-half interest in the property to be sold and that she was the owner of the other one-half interest. She also alleged that the total appraised value of the property was $45,000.00 and that after the sale, she would “receive a reimbursement in the amount of $8,000.00 from the estate of William Emanuel *818 Hagar that is to be subtracted from the price of the estate’s one-half (Jé) interest in the property, as she purchased the original mobile home located on the property prior to her marriage to the deceased.” Along with the petition for authority, Mrs. Hagar filed an affidavit of publication executed by a representative of the local newspaper which certified that legal notice of the proposed sale had been published twice. However, the legal notice did not contain a reference to the $8,000.00 reimbursement.
On April 22,1997, the trial court signed an order authorizing the sale and recognizing the right of Mrs. Hagar to be reimbursed $8,000.00 from the succession’s share of the sale proceeds. Thelma Hagar Foster, Marjorie Lois Hagar Mitchell, and Billy Joe Hagar, three of the children of the decedent by a prior marriage and heirs of the decedent, appeal that portion of the order recognizing the $8,000.00 reimbursement to Mrs. Hagar.
OPINION
Mrs. Hagar’s claim for reimbursement was essentially an attempt to pay an alleged charge or debt of the community and did not comply with the requirements of the applicable provisions of the Louisiana Code of Civil Procedure. The procedure required for a succession representative to pay debts of the succession is found in La.Code Civ.P. art. 3303, which provides:
A. When a succession representative desires to pay charges or debts of the succession, he shall file a petition for authority and shall include in or annex to the petition a tableau of distribution listing those ^charges and debts to be paid. A court order shall not be required for the publication of the notice of filing of a tableau of distribution.
B. If the funds in his hands are insufficient to pay all the charges and debts in full, the tableau of distribution shall show the total funds available and shall list the proposed payments according to the rank of the privileges and mortgages of the creditors.
Additionally, La.Code Civ.P. art. 3304 provides:
Notice of the filing of a petition for authority to pay debts and charges shall be published once in the parish where the succession proceeding is pending in the manner provided by law. The notice shall state that the petition can be homologated after the expiration of seven days from the date of publication and that any opposition to the petition must be filed prior to ho-mologation.
In the instant case, Mrs. Hagar did not file a petition for authority to pay this alleged debt of the succession with an annexed tableau of distribution, as required by La.Code Civ.P. art. 3303. Concomitantly, notice of the filing of a petition for authority to pay debts and charges was not published, as required by La.Code Civ.P. art. 3304. Therefore, the trial court erred in granting the reimbursement.
DISPOSITION
For the foregoing reasons, we reverse that portion of the order that recognized the $8,000.00 reimbursement to Emma Rebecca Johns Hagar. We assess costs of this appeal to Mrs. Hagar, individually.
REVERSED.